**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **ERIC GYEBI BIMPONG,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **Case No. 7:21-CV-23-WLS-MSH** |
| **v.** | : | **28 U.S.C. § 2241** |
| | : | |
| **Warden, IRWIN COUNTY** | : | |
| **DETENTION CENTER, *et al.,*** | : | |
| | : | |
| **Respondents.** | : | |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 26(c), the following confidentiality and protective order ("Protective Order") is entered to govern the dissemination of documents and information exchanged in this matter.

**1.    Disclosure**

Disclosure in this action may involve the production of information and materials that the parties contend contains confidential, proprietary, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting and defending against this litigation, is warranted.

For purposes of this Protective Order, "disclosure" means all information, documents, and things subject to discovery that may be used as evidence in this action, whether produced by any party or third party, including but not limited to, documents and information produced pursuant to Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, information and documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36.

2.     **Confidential Information**

CONFIDENTIAL INFORMATION means any information of any type, kind, or character that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party (whether it be a document, information, or tangible thing), including information contained in a document, information revealed during a deposition or other testimony (whether or not made under oath), information revealed in answers to discovery, or otherwise, because the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or information under seal in accordance with Fed. R. Civ. P. 26(c) and/or controlling case law.

The following are examples of information that is not CONFIDENTIAL INFORMATION:

a. Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b. Any information that the receiving party can show was already publicly known prior to the disclosure;

c. Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

d. Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL INFORMATION.

3.      **Designation Criteria**

Information and documents that may be designated as CONFIDENTIAL are those which the producing party considers in good faith to contain confidential, commercially sensitive, and/or proprietary information not otherwise available or known to the public. This includes, but is not limited to, trade secrets, operational data, business plans, non-public personal information (including, but not limited to, personal healthcare information and information relevant to immigration proceedings), information reasonably believed to be protected from disclosure pursuant to state or federal law, and other sensitive information that, if not restricted as set forth in this Protective Order, will subject the producing or disclosing person to legal, competitive, personal, or financial injury or potential legal liability to third parties.  A party shall designate as CONFIDENTIAL only such information that the party in good faith believes in fact is confidential. Information designated as CONFIDENTIAL will be disclosed only to those individuals listed in Paragraph 4(b).

The designation ATTORNEYS' EYES ONLY shall be reserved for information that constitutes or contains (a) information which poses a legitimate security risk to the safety or security of any individual, correctional facility, or detention center; (b) commercially sensitive competitive, financial, or marketing information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party; or (d) information that is likely to cause economic harm or significant competitive disadvantage to the producing party if disclosed.  Such designated information includes, but is not limited to, security-sensitive information (information that if released would likely compromise the safety and/or security of a

correctional or detention facility or an individual); policies, protocols, practices, and directives specifically relating to security procedures utilized by any employee or contractor at Irwin County Detention Center ("ICDC"); and particularly sensitive information relating to the safety and security of the ICDC facility and its personnel (such as contact information, social security numbers, or other identifying information of current or former ICDC employees or contractors (not including last names)). A party shall designate as ATTORNEYS' EYES ONLY only such information that the party in good faith believes would pose such a serious harm to the producing party if disclosed. Information designated as ATTORNEYS' EYES ONLY will be disclosed only to those individuals authorized in Paragraph 4(a). Should the need arise to disclose this information beyond those authorized in this Order, including to any current or former detainee or member of the general public, the parties shall meet and confer regarding the need for such disclosure and seek guidance from the Court if necessary.

**4.      Persons Qualified to Receive Information Subject to This Protective Order**

"Qualified Persons" means:

a)   For information designated ATTORNEYS' EYES ONLY:

i.    retained counsel for the parties in this litigation and their respective staff;

ii.   actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of ATTORNEYS' EYES ONLY information to such person, have signed the Agreement to Maintain Confidentiality, which is attached as Exhibit A

(such signed document to be maintained by counsel for the party retaining the expert or consultant);

   iii.   deposition and court reporters, litigation vendors, litigation support personnel, any outside copy service under contract to provide copy service to counsel for any party, this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b) For information designated CONFIDENTIAL:

   i.   the persons identified in subparagraph 4(a);

   ii.   the parties, if natural persons;

   iii.   if the party is an entity, officers or employees of the party;

   iv.   any person noticed for deposition or designated as a trial witness to the extent reasonably necessary to prepare such person to testify, except as prohibited by this Protective Order, who, prior to any disclosure of CONFIDENTIAL information to such person, have signed the Agreement to Maintain Confidentiality, which is attached as Exhibit A (such signed document to be maintained by counsel for the party who discloses CONFIDENTIAL information to the witness);

   v.   such other person as this Court may designate after notice and an opportunity to be heard;

   vi.   any other person to whom production is required by the Federal Rules of Civil Procedure;

   vii.   any other person to whom production is ordered by a court.

Any person to whom disclosure is made will be furnished with a copy of this Protective Order and will be subject to it.

**5.      Marking of Documents**

Documents provided in this litigation may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by marking each page of the document with CONFIDENTIAL or ATTORNEYS' EYES ONLY.  In lieu of marking the original of a document, if the original is not provided, the designating party may mark copies. Originals shall be preserved for inspection.

**6.      Required Disclosure of Confidential Information**

CONFIDENTIAL INFORMATION shall not be disclosed or made available to persons other than Qualified Persons except as necessary to comply with applicable law or court order.  If any party, or that party's counsel, expert, or agent, is required by law or court order to disclose CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 4, the party, party's counsel, expert, or agent who is being required to disclose CONFIDENTIAL INFORMATION, shall notify counsel for the producing party as far in advance of disclosure as is reasonably possible (not less than two weeks, in the absence of good cause), so that the producing party may object and seek further protection as necessary.  Any objection to production must be made within five days of such notification.  It shall be the obligation of the producing party to interpose and defend any objection to production of the CONFIDENTIAL INFORMATION. Once an objection has been made, no disclosure may occur until the matter is resolved.

**7.      Challenging Designations**

*Confidential or Attorneys' Eyes Only*:  The parties retain the right to challenge the designation of a particular document as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  If a party to this Protective Order who has received material marked CONFIDENTIAL or

ATTORNEYS' EYES ONLY disagrees with the designation (in full or in part), it shall notify the producing party in writing. The producing party must respond in no less than three business days stating whether they will agree to lower the designation as requested, and the parties will confer in good faith as to the status of the material at issue. If the recipient and the producing party are unable to agree upon the status of the material at issue, or if the producing party fails to respond within three business days, the recipient may raise the issue with the Court for resolution by filing an appropriate motion. Until the Court has resolved any such motion, the material and/or information in question shall retain its CONFIDENTIAL or ATTORNEYS' EYES ONLY designation and be treated accordingly. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, will rest on the designating party. No party, by treating designated material as CONFIDENTIAL INFORMATION in accordance with this Protective Order, shall be deemed to have conceded that the material actually is confidential. The failure of a party to challenge a designation at any particular time shall not preclude that party from challenging the designation at a later time.

*Qualified Person*: In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular CONFIDENTIAL INFORMATION is requested to be disclosed to a Qualified Person, 14 days from service of the request, to move the Court for an order denying the designated person (a) status as a Qualified Person, or (b) access to particular CONFIDENTIAL or ATTORNEYS' EYES

ONLY INFORMATION.  The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure shall be made to the disputed person unless and until the Court enters an order preserving the designation.

**8.      Disclosure at Depositions, Hearings, and Trial**

*At Deposition:*  Information disclosed at a deposition taken in this litigation may be designated by any party as CONFIDENTIAL or ATTORNEYS' EYES ONLY by indicating on the record at the deposition that the testimony is confidential and subject to the protections of this Protective Order. Additionally, any party may designate information disclosed at a deposition as CONFIDENTIAL or ATTORNEYS' EYES ONLY by notifying all parties in writing (no later than 30 days after receipt of the transcript) of the specific pages and lines of the transcript that should be treated as such.  Each party shall attach a copy of this written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control.  All deposition transcripts shall be treated as ATTORNEYS' EYES ONLY for 30 days after initial receipt of the transcript, unless another designation is specified on the record at the time of deposition.

Once information has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY:

> (a)    The court reporter shall segregate information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with blank, consecutively numbered pages, in the main transcript. A separate transcript containing CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION shall have page numbers that correspond to the blank pages in the main transcript.

(b)     All portions of deposition transcripts which contain CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION or are designated as CONFIDENTIAL will be sealed and shall not be disseminated except to those Qualified Persons identified in Paragraph 4.

A witness who is not listed in paragraphs 4(a) or 4(b) may be shown materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY upon the agreement of the parties, provided that the witness signs an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.   The parties agree that they will not unreasonably withhold consent that CONFIDENTIAL or ATTORNEYS' EYES ONLY information be viewed in this manner.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive CONFIDENTIAL INFORMATION pursuant to this Protective Order, but such right of exclusion is applicable only during periods of examination or testimony where CONFIDENTIAL INFORMATION is used or discussed.

*At hearings or trial:*   Subject to the Federal Rules of Evidence, CONFIDENTIAL INFORMATION may be offered in evidence at trial or any court hearing in this matter, provided that the proponent of the evidence gives reasonable notice to counsel for any party or other person who designated the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Inclusion of a document on the tendering party's exhibit list with a notation that the proposed exhibit contains information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY constitutes sufficient notice.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and what protection, if any, the information may be afforded at the hearing or trial.

9.     **Use of Confidential Information**

All CONFIDENTIAL INFORMATION provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of this litigation, including any appeal, and shall not be disclosed except in accordance with the terms herein.

10.     **Manner of Use in Proceedings**

In the event a party wishes to use any CONFIDENTIAL INFORMATION in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.  If the information the filing party seeks to file was designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by any other party, then the designating party automatically consents to the filing party's motion to seal, with respect to the documents it designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The designating party shall have the burden to demonstrate the necessity of sealing the materials.

11.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

(a)     promptly notify in writing the designating party, including a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to

this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.[1]

**12.     Protected Materials Requested to Be Disclosed or Ordered Produced**

(a)     The receiving party is specifically prohibited from ever disclosing CONFIDENTIAL INFORMATION for purposes outside of this litigation, including but not limited to a request or court order pursuant to the FOIA, 5 U.S.C. § 552.

(b)     This restriction on disclosure applies to all information deemed CONFIDENTIAL INFORMATION pursuant this Order.

(c)     This Order shall be considered an injunction prohibiting the disclosure of CONFIDENTIAL INFORMATION, in satisfaction of the judicial standard articulated in *Morgan v. United States Department of Justice*, 923 F.2d 195, 197 (D.C. Cir. 1991).

(d)     A party that receives a request for disclosure of CONFIDENTIAL INFORMATION pursuant to 5 U.S.C. § 552 shall notify the designating party of such request in writing within seven (7) days of receipt of the request.

**13.     A Non-Party's Protected Material Sought To Be Produced in This Litigation**

(a)     The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Such

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The burden of seeking to quash the subpoena, or otherwise prevent disclosure, on the basis of this Protective Order shall remain with the designating party, not the party subject to the subpoena or court order.

information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b)     In the event that a party is required, by a valid discovery request, to produce a non-party's CONFIDENTIAL INFORMATION in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's CONFIDENTIAL INFORMATION, then the party shall:

1.     promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

2.     promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the non-party.

(c)     If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's CONFIDENTIAL INFORMATION responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection of its CONFIDENTIAL INFORMATION.

(d)     This section shall not require any party to provide notice prior to releasing PII belonging to non-parties that is not subject to a confidentiality agreement.  To the extent the

disclosure of such information could be prohibited by the Privacy Act, the Privacy Act provides, as an exception, that such records may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).  The entry of this Protective Order qualifies as such an order and provides a basis for the release of such documents and records pursuant to the Privacy Act and insulates the producing party from liability for improper disclosure.  *See* § 552a(g)(1).  The producing party shall designate such materials CONFIDENTIAL or ATTORNEYS' EYES ONLY, as appropriate.

**14.     Inadvertent Production/Disclosure**

No party will be responsible to another party for disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

If a party receives a document or information that a party knows or has reason to believe may constitute CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION, but which was not designated as such by the producing party, the receiving party shall promptly notify the producing party so that the parties may meet and confer as to whether the document should have been designated as confidential.  The receiving party shall treat the document or information as if it had been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY until the parties have met and conferred and the producing party has either designated the document or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY and produced a copy of the document or information marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY, at which point all other provisions of this Protective Order will apply, including the receiving party's right to challenge the designation, or informed the receiving party that it will do so.  The receiving party

is under no obligation to search or review the producing party's production to identify documents or information that may be confidential.

If a party discovers that it has inadvertently produced CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION without designating it as such, it shall promptly inform the receiving party that the document or information is CONFIDENTIAL or ATTORNEYS' EYES ONLY and produce a copy of the document or information marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Upon receiving such notice, the receiving party shall treat the document as if it had been originally designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

If a party is notified that a document or information was inadvertently produced without being marked CONFIDENTIAL or ATTORNEYS' EYES ONLY and the document or information is already part of a filing with the Court, the filing party shall either withdraw the document or information or the parties shall agree to brief the issue for the Court pursuant to applicable law.

### 15.    Retention and Return of Documents:

*Retention of Copies During Litigation:*  Copies of CONFIDENTIAL and ATTORNEYS' EYES ONLY INFORMATION shall be maintained only in the offices[2] of counsel for the receiving party and, to the extent supplied to experts described in Paragraph 4, in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. For purposes of this

---

[2] Because of COVID-19-related concerns, the parties acknowledge that an individual's "office" may temporarily include that individual's home.

provision, maintaining information "in the offices of" an individual shall include maintenance of electronic copies on that individual's computer or appropriately secured network drives.

*Return of Copies After Litigation:*  No later than 120 days after conclusion of this litigation and any appeal related to it, counsel and their experts shall return to the producing party, or destroy, any CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION produced in this litigation.  The receiving party shall confirm to the designating party, in writing, that the information has been destroyed.  Legal memoranda and briefs containing protected information and any work product materials containing protected information may be retained if such documents are kept in possession of counsel, and shall not be disclosed contrary to the provisions of this Protective Order.  File copies of deposition transcripts may also be retained by counsel, and file copies of any expert reports produced may be retained by counsel and by the authoring expert, subject to the provisions of this Protective Order.

### 16.    Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as ATTORNEYS' EYES ONLY during inspection.  At the time for disclosure to the receiving parties, information shall be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY, as necessary, by the producing party.

### 17.    Ongoing Obligations

Insofar as the provisions of this Protective Order restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written

permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure.

**18.    Advice to Clients**

This Protective Order shall not bar any attorney in the course of rending advice to clients who are parties to this litigation from generally conveying to them the attorney's evaluation of ATTORNEYS' EYES ONLY information produced or exchanged in this litigation; provided, however, that in rendering such advice or otherwise communicating with the client, the attorney shall not disclose the specific contents of any ATTORNEYS' EYES ONLY information produced by another party.  Information conveyed to a client in this manner may not be used for any purpose outside of this litigation.

**19.    Duty to Ensure Compliance**

Any party designating any person as a Qualified Person subject to this Protective Order shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

**20.    Waiver**

The parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver as follows:

(a)    The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection

associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(b)     If, during the course of this action, any party or non-party determines that any document produced by another party or non-party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i)     the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of confirmation by the producing party that such Protected Document is in fact privileged, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party.  Notwithstanding, the receiving party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product Protected Documents.

(ii)     If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(c)     If, during the course of this litigation, a party or non-party determines it has produced a Protected Document:

(i)     the producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The producing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any

portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(ii)     The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.   To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

(d)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party shall sequester such documents until the claim has been resolved.  If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(e)     The receiving party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or

protection. However, the receiving party is prohibited and estopped from arguing that:

    (i)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (ii)   the disclosure of the Protected Documents was not inadvertent;

    (iii)  the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    (iv)  the producing party failed to take reasonable or timely steps to rectify the error.

(f)    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's order.

(g)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

(h)    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance,

responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

**21.    Modifications**

The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this court modifying this Protective Order.


It is SO ORDERED this 17th day of March, 2020.


s/Stephen Hyles
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **ERIC GYEBI BIMPONG,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **Case No. 7:21-CV-23-WLS-MSH** |
| **v.** | : | **28 U.S.C. § 2241** |
| | : | |
| **Warden, IRWIN COUNTY** | : | |
| **DETENTION CENTER,** *et al.,* | : | |
| | : | |
| **Respondents.** | : | |

**EXHIBIT A:  AGREEMENT TO MAINTAIN CONFIDENTIALITY**

It is desired that I obtain access to documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with the terms of the Protective Order entered by the Court in the above-captioned litigation.

I hereby acknowledge that I have read the Protective Order, understand the terms thereof, submit to the personal jurisdiction of the United States District Court for the Middle District of Georgia, Valdosta Division for purposes of enforcing the terms thereof, and agree upon threat of penalty of contempt to be bound by such terms.

_____
Date

_____
Signature

_____
Printed Name